**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MARK PARDEA,
A-087-583-912,**

    **Petitioner,**

vs.                                    Case No. 4:20cv439-WS-MAF

**WILLIAM BARR, et al.,**

    **Respondents.**
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, initiated this case by filing an emergency motion for a stay of removal, ECF No. 1, which included a motion for leave to proceed with in forma pauperis status. *Id.* at 7. Good cause having been shown, Petitioner's in forma pauperis motion is granted.

Nevertheless, it appears that Petitioner sent these motions to the wrong court. Both of Petitioner's motions are styled for the "United States Court of Appeals," but underneath that heading Plaintiff indicated the case was "for the Northern District of Florida." ECF No. 1 at 1, 7. Within the emergency motion Petitioner said he was moving "this court, pursuant to

Fed. R. App. P. 27" to stay "his removal during the pendency for review." ECF No. 1 at 1.  Thus, by citing to an appellate rule of procedure and by styling his documents for the court of appeals, it appears that Petitioner has likely confused this Court, the United States District Court for the Northern District of Florida, with the Eleventh Circuit Court of Appeals.

Moreover, it is clear that this Court lacks jurisdiction over the motion and over Petitioner.  Petitioner is not detained within the Northern District of Florida; rather, he is detained in Alexandria, Louisiana.  ECF No. 1 at 9.  A § 2241 petition should be filed by Petitioner "in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 441, 442, 124 S. Ct. 2711, 2721, 2722, 159 L. Ed. 2d 513 (2004) (citing 28 U.S.C. § 2241(b)).  However, there is no need to transfer this case to the jurisdiction in which Petitioner is detained because no district court has jurisdiction over this action.

Petitioner explains in the emergency motion that he was ordered removed (formerly described as "deported") in November of 2012.  ECF No. 1 at 1.  He appears to be challenging the validity of his removal order and contends that he is "in the process of vacating his conviction in criminal court" and, consequently, the basis for his removal.  Id.

Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, aliens, or "noncitizens," are permitted "to obtain

direct 'review of a final order of removal' in a court of appeals." Nasrallah v. Barr, 140 S. Ct. 1683, 1689-90, 207 L. Ed. 2d 111 (2020) (citing 8 U.S.C. § 1252(a)(1)).  In addition, the REAL ID Act of 2005 "clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals." Nasrallah, 140 S. Ct. at 1690 (citing 8 U.S.C. § 1252(a)(5)).  Accordingly, this Court lacks jurisdiction to consider Petitioner's challenge to his order of removal.

While it would seem that this case could simply be transferred to the appropriate court of appeals, that is no longer permissible.  As amended by the REAL ID Act, a § 2241 petition improperly filed in a district court can no longer be entertained or transferred, it must be dismissed.  *See* 8 U.S.C. § 1252(a)(5) (as amended by the Real ID Act).  Furthermore, it is not clear which court of appeals would be appropriate even if transfer were authorized.  The relevant statute provides that a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2).  Here, Petitioner did not attach a copy of the order of removal to his petition as required.  *See* 8 U.S.C. § 1252(c).  Thus, for all these reasons, this case must be dismissed.

Case No. 4:20cv439-WS-MAF

Accordingly, it is

**ORDERED:**

1. Petitioner's motion for in forma pauperis status, ECF No. 1 at 7, is **GRANTED**.

2. Petitioner is not required to pay the filing fee for this case.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that this petition for writ of habeas corpus, ECF No. 1, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on September 14, 2020.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic**

Case No. 4:20cv439-WS-MAF

**docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.